UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

COMMODITY FUTURES TRADING
COMMISSION,

                      Plaintiff,

      -against-

JAMES ROBERT VELISSARIS,

                      Defendant.

22-CV-1347 (JGLC)

**ORDER**

---

JESSICA G. L. CLARKE, United States District Judge:

      On March 27, 2025, Plaintiff the Commodity Futures Trading Commission ("CFTC") filed a motion for summary judgment and submitted a notice to the Defendant (who is now proceeding *pro se*) of the motion on the same day. ECF Nos. 45, 50 (attached), and 51. On April 25, 2025, Defendant filed an untimely opposition to the summary judgment motion. ECF No. 52. In the interest of resolving the issues on the merits, and given Defendant's *pro se* status, the Court will exercise its discretion to consider Defendant's untimely opposition brief. *See, e.g., Dinkins v. New York*, No. 19-CV-08447 (PMH), 2021 WL 3173968, at *1 n.3 (S.D.N.Y. July 26, 2021). However, Defendant's opposition also appears to request more time to submit a "full reply brief that will provide documentation." *Id.* at 5. The Court therefore sets the below briefing schedule:

- Defendant may file a corrected opposition brief, not to exceed 25 pages (or 8,750 words) by **May 16, 2025.** Defendant is further reminded to consult and comply with Federal Rule of Civil Procedure 56.1 and Local Rule 56.1, both of which the CFTC provided to Plaintiff previously (ECF No. 50) and which are attached to this Order for ease of reference. Should Defendant fail to file an amended or

corrected brief before that date, the Court will only consider ECF No. 52 in adjudicating the motion.

- Plaintiff may thereafter file a reply in further support of the summary judgment motion **on or before May 30, 2025.**

In addition, because the parties did not reach a settlement or other resolution of this action, the stay previously instituted by this Court is HEREBY LIFTED. The Clerk of Court is respectfully directed to: (1) update the docket to reflect the lifting of the stay; (2) mail a copy of this Order to Defendant at the below address; and (3) update the docket to reflect Defendant's current address as set forth below.

> James Velissaris (BOP Register No. 86813-509)
> FCI Jesup-Federal Satellite Low
> 2680 US Highway 301
> Jesup, GA 31599-5602

Dated: May 1, 2025
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>JAMES ROBERT VELISSARIS,<br><br>　　　　　　　　Defendant. | Case No. 1:22-cv-01347 (JGLC)<br><br>ECF Case<br><br>**NOTICE TO *PRO SE* LITIGANT WHO OPPOSES A MOTION FOR SUMMARY JUDGMENT** |

　　　　The Plaintiff in this case has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  This means that the Plaintiff has asked the court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion.  THE CLAIMS IN PLAINTIFF'S COMPLAINT MAY BE DECIDED IN PLAINTIFF'S FAVOR WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION ON TIME by filing sworn affidavits and/or other documents as required by Rule 56(c) of the Federal Rules of Civil Procedure and by Local Civil Rule 56.1.  The full text of Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 56.1 is attached.

　　　　In short, Rule 56 provides that you may NOT oppose summary judgment simply by relying upon the denials or defenses in your answer.  Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the Plaintiff and raising specific facts that support your defense.  If you have proof of your defense, now is the time to submit it.  Any witness statements must be in the form of affidavits.  An affidavit is a sworn statement of fact based on personal knowledge stating facts that would be admissible in evidence at trial.  You may submit your own affidavit and/or the affidavits of others.  You may submit

affidavits that were prepared specifically in response to Plaintiff's motion for summary judgment.

If you do not respond to the motion for summary judgment on time with affidavits and/or documents contradicting the material facts asserted by the Plaintiff, the Court may accept Plaintiff's facts as true.  Judgment may be entered in Plaintiff's favor without a trial.

If you have any questions, you may direct them to the Pro Se Office.

Dated:  March 27, 2025,          By:      *S/ A. Daniel Ullman II*
                                          A. Daniel Ullman II (S.D.N.Y. Bar No. AU2471)
                                          Chief Trial Attorney
                                          dullman@cftc.gov
                                          Phone: (202) 418-5000

## RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE

**Rule 56. Summary Judgment**

(a) *Motion for Summary Judgment or Partial Summary Judgment*. A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

(b) *Time to File a Motion*. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

(c) *Procedures*.

   (1) *Supporting Factual Positions*. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

      (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

      (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

   (2) *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

   (3) *Materials Not Cited.* The court need consider only the cited materials, but it may *consider* other materials in the record.

   (4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(d) *When Facts Are Unavailable to the Nonmovant*. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

   (1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

(e) *Failing to Properly Support or Address a Fact.* If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or

(4) issue any other appropriate order.

(f) *Judgment Independent of the Motion.* After giving notice and a reasonable time to respond, the court may:

(1) grant summary judgment for a nonmovant;

(2) grant the motion on grounds not raised by a party; or

(3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

(g) *Failing to Grant All the Requested Relief.* If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in the case.

(h) *Affidavit or Declaration Submitted in Bad Faith.* If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court — after notice and a *reasonable* time to respond — may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 2007, eff. Dec. 1, 2007; Mar. 26, 2009, eff. Dec. 1, 2009; Apr. 28, 2010, eff. Dec. 1, 2010.)

# **LOCAL CIVIL RULE 56.1**

## **Local Civil Rule 56.1. Statements of Material Facts on Motion for Summary Judgment**

(a) Unless the court orders otherwise, on motion or on its own, any motion for summary judgment under Fed. R. Civ. P. 56 must be accompanied by a separate, short, and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion. This rule does not apply to claims brought under the Administrative Procedure Act or the Freedom of Information Act.

(b) The papers opposing a motion for summary judgment must include a correspondingly numbered paragraph admitting or denying, and otherwise responding to, each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried.

(c) Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically denied and controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party.

(d) Each statement by the movant or opponent under Rule 56.1(a) and (b), including each statement denying and controverting any statement of material fact, must be followed by citation to evidence that would be admissible and set forth as required by Fed. R. Civ. P. 56(c).

(e) In any case where all parties are represented by counsel, any party moving for summary judgment must provide all other parties with an electronic copy, in a standard word processing format, of the moving party's Statement of Material Facts. In any case where all parties are represented by counsel, the counterstatement required by this rule must include each entry in the moving party's statement and set out the opposing party's response directly beneath it.

*For relevant historical context for this local rule, consult the Appendix of Committee Notes.*