UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COMMODITY FUTURES TRADING
COMMISSION,

               Plaintiff,

     v.

JAMES ROBERT VELISSARIS,

               Defendant.

Case No. 1:22-cv-01347 (JGLC)

ECF Case

[PROPOSED] **ORDER ENTERING FINAL JUDGMENT AGAINST DEFENDANT JAMES ROBERT VELISSARIS**

For the reasons stated in the Court's March 30, 2026, Opinion and Order, ECF No. 68, and pursuant to Rule 58(b)(2) of the Federal Rules of Civil Procedure, it is hereby ORDERED, ADJUDGED, AND DECREED that final judgment is entered in favor of Plaintiff Commodity Futures Trading Commission against Defendant James Robert Velissaris; and

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that:

1.     From January 1, 2018 through at least February 28, 2021 (the "Relevant Period"), Defendant Velissaris, while acting as an associated person of a commodity pool operator, used the mail or any means of instrumentality of interstate commerce to knowingly and willfully defraud and deceive pool participants, or engaged in transactions, practices, or course of business which operated as a fraud or deceit upon pool participants, in violation of Section 4*o*(1)(A)-(B) of the Commodity Exchange Act (the "Act"), 7 U.S.C. § 6*o*(1)(A)-(B).

2.     During the Relevant Period, Defendant Velissaris knowingly and willfully made misrepresentations and omissions of material facts to pool participants or otherwise defrauded pool participants in connection with swaps, in violation of Section 4b(a)(2)(A)-(C) of the Act, 7 U.S.C. § 6b(a)(2)(A)-(C).

3. During the Relevant Period, Defendant Velissaris, using the instrumentalities of interstate commerce, knowingly and willfully made misrepresentations and omissions of material facts to pool participants or otherwise defrauded pool participants in connection with swaps based on a group or index of securities, in violation of Section 4b(e)(1)-(3) of the Act, 7 U.S.C. § 6b(e)(1)-(3).

4. During the Relevant Period, Defendant Velissaris, in connection with swaps in interstate commerce, intentionally or recklessly made misrepresentations and omissions of material facts to pool participants or otherwise defrauded pool participants, in violation of Section 6(c)(1) of the Act, 7 U.S.C. § 9(1), and Commission Regulation 180.1(a), 17 C.F.R. § 180.1(a) (2024).

## PERMANENT INJUNCTION

5. Based upon and in connection with the foregoing conduct, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, Defendant Velissaris, while acting as an associated person of a commodity pool operator, as that term is defined in Section 1a(11) of the Act, 7 U.S.C. § 1a(11), is permanently enjoined and prohibited from using the mails or any means or instrumentality of interstate commerce to directly or indirectly (a) employ a scheme or artifice to defraud pool participants, or (b) engage in transactions, practices or courses of business which operate as a fraud or deceit upon pool participants, in violation of Section 4o(1)(A)-(B) of the Act, 7 U.S.C. § 6o(1)(A)-(B).

6. Defendant Velissaris is permanently enjoined and prohibited from knowingly, willfully, or recklessly, in connection with any swap made, or to be made, for or on behalf of other persons:  (1) cheating or defrauding or attempting to cheat or defraud such other persons; (2) making or causing to be made false reports or statements to such other persons; and/or (3)

deceiving or attempting to deceive such other persons, in violation of Section 6b(a)(2)(A)-(C) of the Act, 7 U.S.C. § 6b(a)(2)(A)-(C).

7.    Defendant Velissaris is permanently enjoined and prohibited from directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, in or in connection with any swap on a group or index of securities (or any interest therein or based on the value thereof): (1) employing any device, scheme, or artifice to defraud; (2) making any untrue statement of a material fact or omitting a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading; and/or (3) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in violation of Section 4b(e)(1)-(3) of the Act, 7 U.S.C. § 6b(e)(1)-(3).

8.    Defendant Velissaris is permanently enjoined and prohibited from directly or indirectly, in connection with any swap in interstate commerce, intentionally or recklessly: (1) using or employing, or attempting to use or employ, any manipulative device, scheme, or artifice to defraud; (2) making, or attempting to make, any untrue or misleading statement of a material fact or omitting a material fact necessary in order to make statements made not untrue or misleading; and/or (3) engaging, or attempting to engage, in any act, practice, or course of business, which operates or would operate as a fraud or deceit upon any person, in violation of Section 6(c)(1), 7 U.S.C. § 9(1) and Regulation 180.1(a), 17 C.F.R. § 180.1(a) (2024).

9.    Defendant Velissaris, and any other person or entity associated with him, including but not limited to affiliates, agents, servants, employees, assigns, attorneys, and all persons in active concert or participation with Defendant Velissaris, including any successor thereof, is permanently restrained, enjoined, and prohibited from:

    a.  Engaging, directly or indirectly, in conduct in violation of 7 U.S.C.
        §§ 6b(a)(2)(A)-(C), 6b(e), 6o(1)(A)-(B), 9(1), and/or 17 C.F.R. § 180.1 (2024);

b.  Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a(40));

c.  Entering into any transactions involving "commodity interests" (as that term is defined in Regulation 1.3, 17 C.F.R. § 1.3 (2024)), for his own personal account(s) or for any account in which Defendant Velissaris has a direct or indirect interest;

d.  Having any commodity interests traded on Defendant Velissaris's behalf;

e.  Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

f.  Soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

g.  Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2024); and/or

h.  Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2024)), agent, or any other officer or employee of any person (as that term is defined in 7 U.S.C. § 1a(38), registered, exempted from registration, or required to be registered with the Commission except as provided for in 17 C.F.R. § 4.14(a)(9) (2024))

## **CIVIL MONETARY PENALTY**

10.  Defendant Velissaris is ordered to pay a civil monetary penalty of $2,200,000.00, plus post-judgment interest thereon (the "CMP Obligation").  If the CMP Obligation is not paid immediately, then post-judgment interest shall accrue on the CMP Obligation beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

11.  Defendant Velissaris shall pay the CMP Obligation and any post-judgment interest by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order.

12.     If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

> MMAC/ESC/AMK326
> Commodity Futures Trading Commission
> Division of Enforcement
> 6500 S. MacArthur Blvd.
> Room 266
> Oklahoma City, OK   73169
> Telephone: (405) 954-6569
> Fax: (405) 954-1620
> 9-AMC-AR-CFTC@faa.gov

13.     If payment by electronic funds transfer is chosen, Defendant Velissaris shall contact the Commission via the Federal Aviation Administration at the email address above to receive payment instructions and shall fully comply with those instructions.  Defendant Velissaris shall accompany payment of the CMP Obligation with a cover letter that identifies the payor and the name and docket number of this proceeding.  Defendant Velissaris shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, DC 20581.

## COSTS AND FEES

14.     Defendant Velissaris shall pay costs and fees in the amount of $402.00 (the "Costs and Fees Obligation").  Payment of the Costs and Fees Obligation by Defendant Velissaris shall be affected in the same manner as payment of the CMP Obligation, as set forth in Paragraphs 11 to 13.

## MISCELLANEOUS PROVISIONS

15.     Partial Satisfaction:  Acceptance by the Commission of any partial payment of the CMP Obligation or the Costs and Fees Obligation shall not be deemed a waiver of Defendant Velissaris's obligation to make further payments pursuant to this Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

16.     Injunctive and Equitable Relief Provisions:  The injunctive and equitable relief provisions of this Order shall be binding upon Defendant Velissaris, upon any person under his authority or control, and upon any person who receives actual notice of this Order, by personal service, email, facsimile or otherwise insofar as he or she is acting in active concert or participation with Defendant Velissaris.

17.     Until such time as Defendant Velissaris satisfies in full his CMP Obligation and Costs and Fees Obligation under this Order, upon the commencement by or against Defendant Velissaris of insolvency, receivership, or bankruptcy proceedings or any other proceedings for the settlement of Defendant's debts, all notices to creditors required to be furnished to the Commission under Title 11 of the United States Code or other applicable law with respect to such insolvency, receivership bankruptcy, or other proceedings, shall be sent to the address below:

> Secretary of the Commission
> Office of the General Counsel
> Commodity Futures Trading Commission
> 1155 21st Street, NW
> Washington, DC 20581

18.     Notice:  All notices required to be given by any provision in this Order, except as set forth in Paragraph 17, above, shall be sent certified mail, return receipt requested, as follows:

Notice to Commission:

>Paul G. Hayeck
>Deputy Director
>Commodity Futures Trading Commission
>1155 21st Street, NW
>Washington, DC 20581

Notice to Defendant Velissaris:

>James Velissaris (BOP Register No. 86813-509)
>FCI Jesup-Federal Satellite Low
>2680 US Highway 301
>Jesup, GA 31599-5602

All such notices to the Commission shall reference the name and docket number of this action.

19.    Change of Address/Phone:  Until such time as Defendant Velissaris satisfies in full his CMP Obligation and Costs and Fees Obligation, as set forth in this Order, Defendant Velissaris shall provide written notice to the Commission by certified mail of any change to his telephone number and mailing address within ten calendar days of the change.

20.    Invalidation:  If any provision of this Order or if the application of any provision or circumstance is held invalid, then the remainder of this Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

21.    Waiver:  The failure of any party to this Order at any time to require performance of any provision of this Order shall in no manner affect the right of the party at a later time to enforce the same or any other provision of this Order.  No waiver in one or more instances of the breach of any provision contained in this Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Order.

22.    Continuing Jurisdiction of this Court:  This Court shall retain jurisdiction of this action to ensure compliance with this Order and for all other purposes related to this action,

including any motion by Defendant Velissaris to modify or for relief from the terms of this

Order.

The Clerk of Court is directed to enter final judgment, and to close this case. The

Clerk of Court is also directed to mail a copy of this order to Defendant.

SO ORDERED.

DATED:  April 13, 2026
       White Plains, New York

*Jessica Clarke*
_____
JESSICA G. L. CLARKE
United States District Judge